**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JAMI SEEBY ALEGRIA, | 3:13-cv-00465-RCJ-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION** |
| vs. | **OF U.S. MAGISTRATE JUDGE** |
| UNITED PARCEL SERVICES, | |
| Defendant. | |

This Report and Recommendation is made to the Honorable Robert C. Jones, Chief United States District Judge. Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 1)[1] and pro se complaint (Doc. # 1-1). This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR IB 1-4.

**I. APPLICATION TO PROCEED IN FORMA PAUPERIS**

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.  2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions); *see also* LSR 1-1 ("[a]ny person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed in *forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities"). "'[T]he supporting affidavits [must] state the facts as to affiant's poverty with some particularity, definiteness and certainty.'" *United*

---

[1]Refers to court's docket number.

1   *States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (quoting *Jefferson v. United States*,

2   277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits

3   of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

4       According to Plaintiff's application it appears unlikely the filing fee can be paid. Therefore,

5   Plaintiff's application to proceed in forma pauperis should be  granted.

6                          **II. SCREENING OF COMPLAINT**

7   **A. Standard**

8       Applications to proceed in forma pauperis are governed by 28 U.S.C. § 1915, which "authorizes

9   the court to dismiss an IFP action that is frivolous or malicious." *Franklin v. Murphy*, 745 F.2d 1221,

10  1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a) (citing 28 U.S.C. § 1915(d)). This provision applies

11  to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*,

12  203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir.

13  2001) (per curiam).

14      28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines

15  that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may

16  be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28

17  U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief

18  may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the

19  same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended

20  complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under

21  Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232

22  F.3d 719, 723 (9th Cir. 2000).

23      In reviewing a complaint under this standard, the court must accept as true the allegations of the

24  complaint in question, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe

25  the pleading in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor.

26  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less

27  stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See*

28  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*);

*see also Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir.  2011); *Hebbe v.  Pliler*, 627 F.3d 338, 342 (9th Cir.  2010);  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Complaint and Analysis**

Plaintiff sues United Parcel Services asserting a wage and hour dispute, retaliation, hostile work environment sexual harassment, as well as violation of the Family Medical Leave Act.

**1. Count I**

In Count I, titled "Civil Rights Act, 42 USC 1983, EPA Act, Retaliation, Sexual Harassment," Plaintiff alleges that a dollar was taken from her base pay in June 2009. (Doc. # 1-1 at 4.) She then states that from October 2010 to March 2011, she received over two dollars in raises without explanation and which were unscheduled. (*Id.*)

While it appears that Plaintiff alludes to a claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et. seq*., the exact basis for such a claim is unclear. Plaintiff does not expressly state that taking a dollar from her base pay brought her wages under the applicable minimum wage in violation of the FLSA. In the absence of such an allegation, Plaintiff's allegations *may* only rise to a claim for alleged breach of contract, although she does not explicitly allege the existence of a contract either.

Next, Plaintiff references the Equal Pay Act, 29 U.S.C. § 206(d), in the title of Count I, which prohibits employers from paying employees of one sex less than employees of the opposite sex if they are performing equal work. Yet Plaintiff does not allege facts giving rise to an Equal Pay Act claim. That is to say, she does not specifically allege she was paid less than members of the opposite sex doing the same work.

Finally, even assuming Plaintiff stated colorable claims under the FLSA and Equal Pay Act, Plaintiff alleges that the wages were withheld in 2009. The statute of limitations under both the FLSA and Equal Pay Act is two years from the date the cause of action accrued, or three years in the event the violation is willful. 29 U.S.C. § 255. A claim for unpaid minimum wages or liquidated damages under the FLSA accrues "the day the employee's pay check is normally issued, but isn't." *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993). Plaintiff's claims under the FLSA and Equal Pay Act, even if construed as asserting a willful violation, are therefore time-barred. As such, the court recommends that Count I be dismissed with prejudice.

**2. Count II**

In Count II, titled "sexual harassment Title 7 Civil Rights Act," Plaintiff alleges that on October 22, 2010, supervisor DeNegro was talking about hookers and strippers and prostitutes, that he dated all three types of women, and that strippers were overrated. (*Id*. at 5.) She avers this was offensive to her because at the time the statements were made her daughter was entering into a training program at one of the "clubs." (*Id*.) She reported the comments to Mr. Keller in management hours later, and then to someone in human resources that evening. (*Id*.) Another employee was interviewed about the incident several days later, and she contends he attested to the harassment. (*Id*.) Plaintiff claims the incident was not investigated any further. (*Id*.)

Plaintiff does not allege that the subjection to sexual conduct was linked to any adverse employment action; therefore, her sexual harassment claim can be interpreted as alleging a hostile work environment claim. She asserts it is her belief that the comments were made to make her mad or feel bad. (Doc. # 1-1 at 5.) Such a claim requires averments that the plaintiff was subject to unwelcome sexual advances, conduct or comments, based on sex, and was "so severe or pervasive" as to "alter the conditions of the victim's employment and create an abusive working environment." *Meritor Sav. Bank,*

4

*FSB v. Vinson*, 477 U.S. 57, 67 (1986); *see also Manatt v. Bank of America, NA*, 339 F.3d 798 (9th Cir. 2003). To hold the employer liable for hostile work environment harassment, as Plaintiff seeks to do here, also requires that the employer knew or should have known of the harassment and failed to take prompt remedial action. To be actionable, the environment must be sufficiently extreme to effect a change in the terms and conditions of employment. *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998). "Isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id*. at 788. A single incident *may* be sufficient to support a hostile work environment claim if it is severe enough. *See Ellison v. Brady*, 924 F.2d 872, 878 (9th Cir. 1991). A single "highly offensive" touching of a plaintiff by a co-worker was found to not establish a hostile work environment. *See Brooks v. City of San Mateo*, 229 F.3d 917, 926 (9th Cir. 2000).

A hostile work environment must be objectively hostile, *i.e.*, a reasonable person would find the environment hostile, and subjectively hostile. *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 21-22 (1993)*.* A hostile work environment claim cannot be maintained where the misconduct is not severe or pervasive enough to create an objectively hostile environment. *Id*. at 21-22. Objective severity is "judged from the perspective of a *reasonable person* in the *plaintiff's position*, considering all the circumstances." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81 (1998).

As alleged, Plaintiff's complaint does not assert conduct which is sufficiently severe or pervasive. Instead, she only describes one isolated comment. *See Faragrher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (conduct must amount to something more than simple teasing, offhand comments, or isolated incidents (unless extremely serious)). Thus, Plaintiff's Title VII claim for sexual harassment that created a hostile work environment should be dismissed with leave to amend to correct the noted deficiencies, if possible.

### 3. Count III

In Count III, titled "Civil Rights Act Title 7 Retaliation," Plaintiff alleges that as a result of her reporting of the wage claim and harassment, she was retaliated against from June 2009 until February 2011. (Doc. # 1-1 at 6.)  She contends there were unsubstantiated verbal and written warnings and a termination for "no call" was rescinded. (*Id*.) She also states that she was treated differently from others

and her vacation pay was withheld, and she was demoted. (*Id*.) She also asserts she was denied FMLA leave. (*Id*.)

The FLSA does contain an anti-retaliation provision which states it is unlawful for any person to discharge or otherwise discriminate against any employee for filing a complaint or instituting any proceeding under FLSA. 29 USC 215(a)(3). This applies to both oral and written complaints made by employees. *Kasten v. Sant-Gobain Performance Plastics Corp.*, 131 S.Ct. 1325, 1329 (2011). Even though her Equal Pay Act and FLSA claims are time-barred, she may still have a claim for retaliation which she alleges continued into February of 2011. Accordingly, a retaliation claim based on the FLSA and/or Equal Pay Act should be allowed to proceed.

Title VII also prohibits taking certain actions against an employee in retaliation for activity protected under Title VII. 42 U.S.C. § 2000e-3(a). In a retaliation claim, the plaintiff must show that he or she engaged in a protected activity, was subjected to adverse employment action and a causal link exists between the two. *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093-94 (9th Cir. 2008); *Passantino v. Johnson & Johnson*, 212 F.3d 493, 506 (9th Cir. 2000). Reporting unlawful harassment has been held to constitute protected activity for a retaliation claim. *See Crawford v. Metropolitan Gov.*, 555 U.S. 271, 277-78 (2009). Adverse employment action "covers those (and only those) employer actions that would have been materially adverse to a reasonable employee or job applicant...[T]hat means the employer's actions must be harmful to the point they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006) (parenthesis original) (citation omitted). This is an objective test. *Id*. at 68.

Plaintiff alleges that she reported harassment, was subjected to adverse employment action as a result in the form of unsubstantiated disciplinary action and demotion; therefore, she states a colorable claim for retaliation under Title VII as well.

It is unclear whether Plaintiff seeks to assert a separate claim for a violation of the Family Medical Leave Act (FMLA) or whether she only references it as proof of her alleged retaliation claim as she only makes vague reference to a violation of the FMLA in Count III. She merely states "denied FMLA on hours UPS regulations proof by Teamsters hours calculated." (Doc. # 1-1 at 6.) She does not indicate when she requested FMLA leave, who denied it and when and for what reasons. This short

6

sentence does not apprise the defendant of the basis for her claim. Therefore, to the extent Plaintiff attempts to assert an FMLA claim, it should be dismissed with leave to amend.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED THAT**:

(1) Plaintiff's application to proceed in forma pauperis (Doc. # 1) be **GRANTED.** The Clerk of the Court should be instructed to **FILE** the Complaint (Doc. # 1-1). The movant herein should be permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.  This order granting in forma pauperis status should not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER RECOMMENDED THAT:**

(1) Count I be dismissed with prejudice.

(2) Count II be dismissed with leave to amend.

(3) Count III, insofar as it seeks to assert retaliation claims based on harassment under Title VII and/or the FLSA and Equal Pay Act, be allowed to proceed; however, insofar as it seeks to assert a claim that defendant violated the FMLA, Count III should be dismissed with leave to amend.

(4) Plaintiff should be given thirty days from the date of any order adopting and accepting this Report and Recommendation to file an amended complaint remedying, if possible, the defects in the complaint as explained above. Plaintiff should be advised that pursuant to Local Rule 15-1, if she chooses to file an amended complaint, it shall be complete in and of itself without reference to any previous complaint. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended complaint as such by placing the words "AMENDED COMPLAINT" on page 1 in the caption, and shall place the case number above the words "AMENDED COMPLAINT" in the space for "Case No." Plaintiff is cautioned that if she fails to file an amended complaint within the proscribed time period, the court will recommend dismissal of this action.

(6) Service of the complaint or amended complaint, should one be filed, will be addressed once the deadline for filing an amended complaint has expired.

///

///

Plaintiff should be aware of the following:

1.      Plaintiff may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt.   These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.      That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1), Fed. R. App. P., should not be filed until entry of the District Court's judgment.

DATED:   October 8, 2013.


_____
WILLIAM G.  COBB
UNITED STATES MAGISTRATE JUDGE