UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMI SEEBY ALEGRIA,<br><br>            Plaintiff,<br><br>   v.<br><br>UNITED PARCEL SERVICES,<br><br>            Defendant. | 3:13-cv-00465-RCJ-WGC<br><br>**REPORT & RECOMMENDATION OF**<br>**U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(B)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court are: (1) the notice regarding intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m) (Doc. # 7)[1] and Plaintiff's response (Doc. # 8); and (2) Plaintiff's amended complaint for screening (Doc. # 6).

**I. BACKGROUND & FED. R. CIV. P. 4(m) NOTICE**

Plaintiff initially filed her application to proceed in forma pauperis and proposed complaint against United Parcel Service (UPS) on August 29, 2013. (Docs. # 1, # 1-1.) The undersigned issued a report and recommendation on October 8, 2013, recommending that: (1) the application to proceed in forma pauperis be granted; (2) Count I be dismissed with prejudice; (3) Count II be dismissed with leave to amend to assert allegations giving rise to a claim under Title VII for sexual harassment that created a hostile work environment; and (4) Count III, insofar as it seeks to assert retaliation claims based on harassment under Title VII and/or the Fair Labor Standards Act (FLSA) and Equal Pay Act, be allowed to proceed, but be dismissed with leave to amend insofar as it seeks to assert a claim that defendant violated the Family Medical

---

[1] Refers to court's docket number.

Leave Act (FMLA). (Doc. # 3.) The report and recommendation stated that service of the complaint or amended complaint would be addressed once the deadline for filing an amended complaint had expired. (*Id*. at 7.)

United States District Judge Robert C. Jones entered an Order on October 22, 2013, adopting and accepting the report and recommendation. (Doc. # 4.) Judge Jones gave Plaintiff thirty days from the date of the order to file an amended complaint. (*Id*.)

Plaintiff filed her amended complaint on November 26, 2013. (Doc. # 6.) The amended complaint should have been screened and service addressed at that time by the undersigned. Unfortunately, as happens on occasion, the amended complaint "slipped through the cracks." Service was not accomplished within 120 days of the filing of the complaint (which should have been addressed in an order screening the amended complaint) which triggered the issuance of the notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m) on April 8, 2014 by the clerk's office. (Doc. # 7.)

Plaintiff filed a response to the notice of dismissal on April 25, 2014. (Doc. # 8.) In the notice, Plaintiff states that it was her understanding that she needed to hear from the court regarding her amended complaint before she could proceed with service. (*Id*.) As a result, she requests additional time to serve the complaint. (*Id*.)

Plaintiff is correct that because she is proceeding in forma pauperis, the undersigned should have promptly issued an order screening her amended complaint and addressing the issue of service. The court apologizes for this oversight and for the delay in proceeding with the action that has resulted. The notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m) (Doc. # 7) should therefore be withdrawn.[2] The court will now proceed with screening the amended complaint.

## II. SCREENING

**A. Standard**

28 U.S.C. § 1915 provides: "the court shall dismiss the case at any time if the court determines that...the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon

---

[2] A separate minute order will be entered withdrawing the 4(m) notice.

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). This provision applies to all actions filed in forma pauperis, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and this court applies the same standard under Section 1915(e)(2)(B) when reviewing the adequacy of the complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted). Review under 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).

In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Allegations in pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers, and must be liberally construed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)). At a minimum, a plaintiff should state "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the

district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**B. Plaintiff's Amended Complaint**

In her amended complaint, it appears that Plaintiff included copies of Counts I, II and III, as they appeared in her original complaint. (Compare Doc. # 6 at 3-5 with Doc. # 1-1 at 4-6.) In addition, the amended complaint includes a new page also labeled as "Count II" and titled "Amended due process Title VII Civil Rights Act Hostile Working Environment under Harassment FMLA Amended." (Doc. # 6 at 2.) Finally, she includes an additional eighteen pages of what appear to be her typewritten notes regarding her employment issues at UPS. (*Id*. at 7-24.)

### 1. Count I-Plaintiff Cannot Revive Claims Already Dismissed With Prejudice

Count I in the original complaint asserted violations of the FLSA and Equal Pay Act based on allegations that a dollar was taken from her base pay in 2009, and that she was being paid less than male co-workers. Count I was dismissed as barred by the statute of limitations. To the extent Plaintiff tries to revive the FLSA and Equal Pay Act claims previously asserted in Count I, those claims were dismissed *with prejudice* and cannot be revived now. (*See* Doc. # 3 at 3-4.)

### 2. Count II

On screening her original complaint, the court dismissed Plaintiff's Title VII claim in Count II for sexual harassment that created a hostile work environment with leave to amend because she did not assert conduct which was sufficiently severe or pervasive, but instead only described one isolated comment by her supervisor Mr. DeNegro. (Doc. # 3 at 4-5.)

In the typewritten notes that accompany the amended complaint, Plaintiff references an incident that she indicates took place in 2010, when a supervisor, Mr. Lund, entered Plaintiff's work area with his boss, John. (Doc. # 6 at 7.) She stated that John proceeded to ask her if she was pregnant, which she contends offended her because she was fifty years old at the time and had a hysterectomy. (*Id.*) It appears Plaintiff references this incident in an effort to bolster her hostile work environment claim, but this is another isolated and completely unrelated incident,

- 4 -

1 which is not actionable under Title VII. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 778
2 (1998) (conduct must amount to something more than simple teasing, offhand comments, or
3 isolated incidents).
4 Plaintiff also includes a typewritten chronology of events and various notes related to the
5 allegations involving Mr. DeNegro. (Doc. # 6 at 15-22.) She frequently states in the notes that
6 Mr. DeNegro was still harassing her on a daily basis, but the statements are conclusory and
7 include no specific details whatsoever as to what that harassment entailed. (*See, e.g., id*. at 20,
8 22.)
9 Plaintiff failed to correct the deficiencies noted in the original complaint. While she
10 references the word "harassment" several times in the documents attached to her complaint, she
11 never actually describes the specific conduct that amounts to sexual harassment that would serve
12 to create a colorable hostile work environment claim. Accordingly, her claim under Title VII for
13 sexual harassment that created a hostile work environment should be dismissed. Plaintiff was
14 clearly advised of the deficiencies in this claim when her original complaint was screened, yet
15 she failed to make the necessary corrections; therefore, the dismissal should be with prejudice.
16 **3. Count III**
17 With respect to Count III, in screening the original complaint the court allowed Plaintiff
18 to proceed with her retaliation claim based on the FLSA and/or Equal Pay Act violations of
19 which she complained (even though the underlying claims were dismissed as time barred). (Doc.
20 # 3 at 5-6.) The court also found that Plaintiff stated a colorable claim for retaliation under Title
21 VII based on her asserted reporting of harassment which subjected her to adverse employment
22 action in the form of an unsubstantiated disciplinary action and demotion. (*Id*. at 6.) Finally,
23 Plaintiff referenced the FMLA, but it was not clear whether she sought to state a separate claim
24 for violation of the FMLA. (*Id*.) The court gave her leave to amend to assert facts giving rise to
25 an FMLA claim, if possible. (*Id*. at 6-7.)
26 In her amended complaint, Plaintiff once again states briefly that her FMLA request was
27 denied after she had complained of harassment. (Doc. # 6 at 2.)
28 In the typewritten notes that accompany the amended complaint, Plaintiff includes many

references to requests for days off related to vacation or sick time, but they do not reflect a request for FMLA leave. (*See e.g.*, Doc. # 6 at 7, 10, 11, 12.) These references do not give rise to a claim for a violation of the FMLA.

The documentation accompanying the complaint does include a note that specifically references a request for FMLA leave made in January 2011, which she asserts was improperly denied. (*Id.* at 13.) Nevertheless, construing Plaintiff's claim liberally, as the court must when analyzing the complaint of a pro se plaintiff, Plaintiff should be permitted to proceed with her claim that a violation of the FMLA occurred in January 2011.

### III. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge issue an order:

(1) **WITHDRAWING** the notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m) (Doc. # 7);

(2) confirming that Count I of the amended complaint, which improperly reasserts previously dismissed claims for violation of the FLSA and Equal Pay Act (Doc. # 6 at 3), remains **DISMISSED WITH PREJUDICE**;

(3) **DISMISSING WITH PREJUDICE** Count II, asserting a claim under Title VII for sexual harassment that created a hostile work environment; and

(4) Allowing to **PROCEED** the following claims in Count III: (a) retaliation based on the FLSA and/or Equal Pay Act; (b) retaliation under Title VII; and (c) violation of the FMLA that occurred in January 2011.

In addition, an order addressing this Report and Recommendation should advise Plaintiff regarding service of the amended complaint. In particular, Plaintiff should be advised that if she seeks to have the United States Marshal serve the summons and complaint on the Defendant, she must make such a request. Under Federal Rule of Civil Procedure 4(c)(3), the district court must direct the United States Marshal or the court clerk to effect service of process on behalf of a litigant proceeding in forma pauperis that makes such a request.

///

///

Plaintiff should be aware of the following:

1. That she may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: April 29, 2014

*William G. Cobb* (signature)
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE