UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMI SEEBY ALEGRIA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>UNITED PARCEL SERVICES,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)　3:13-cv-00465-RCJ-WGC<br>)<br>)<br>)　**ORDER**<br>)<br>)<br>) |

Plaintiff has sued Defendant in this Court *in pro se* for violations of civil rights under 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and under various other federal statutes. Pending before the Court is a Motion to Dismiss (ECF No. 19). For the reasons given herein, the Court grants the motion, with leave to amend in part.

**I.   FACTS AND PROCEDURAL HISTORY**

Plaintiff Jami Alegria has sued Defendant United Parcel Services ("UPS") for claims the Court interprets as follows: (1) due process violations under the Fourteenth Amendment; (2) hostile working environment ("HWE") under Title VII of the Civil Rights Act of 1964;[1] (3)

---

[1] There is no jurisdiction over this claim, because Plaintiff did not include it in her Charge of Discrimination to the EEOC.

retaliation under Title VII; (4) violation of the Equal Pay Act ("EPA"); and (5) violation of the Family Medical Leave Act ("FMLA").[2]

Defendant moved to dismiss.  A response was due on November 10, 2014.  When Plaintiff failed to timely respond, the Court granted the motion to dismiss and denied Plaintiff's motion for default judgment.  The Court authored the order before it separately approved a stipulation extending time to respond until December 18, 2014.  But the order was mistakenly entered, anyway.  Upon noticing the error, the Court vacated the order and granted a motion to further extend time to respond.  The Court now addresses the motion.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

---

[2] Plaintiff has used a civil rights form complaint but has not neatly distinguished her claims.  The second page of the Amended Complaint lists "Count II" and alleges violations of due process, a hostile working environment under Title VII, and violation of the Fourteenth Amendment.  The third page of the Amended Complaint lists "Count I" and alleges violations of 42 U.S.C. § 1983 and the Equal Pay Act, and "retaliation/sexual harassment."  The fourth page of the Amended Complaint lists "Count III" and alleges violations of the Civil Rights Act (presumably § 1983) and Title VII (retaliation).  The fifth page of the Amended Complaint lists "Count II" and alleges "sexual harassment" under Title VII.

sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

*Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.   ANALYSIS

#### A.   Preemption under LMRA § 301

Defendants first argue that the FLSA, EPA, and FMLA claims are preempted by §301 of the Labor Management Relations Act ("LMRA") and should be dismissed with prejudice for that reason.[3]  The alleged breach of a collective bargaining agreement ("CBA") is governed by §301 of the LMRA. *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987). Preemption applies, regardless of the title or nature of a claim, if it can only be resolved by reference to the terms of a CBA. *Id.* at 999.

> [T]he pre-emptive effect of § 301 must extend beyond suits alleging contract violations . . . .  Thus, questions relating to what the parties to a labor agreement agreed, and what legal consequences were intended to flow from breaches of that agreement, must be resolved by reference to uniform federal law, whether such questions arise in the context of a suit for breach of contract or in a suit alleging liability in tort.

*Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 210–11 (1985).  But not all claims arising out of an employment relationship governed by a collective bargaining agreement ("CBA") are preempted.  "[A]s long as the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the agreement for § 301 pre-emption purposes." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 410 (1988).

The parties do not appear to dispute that a CBA governed the employment relationship here, and Defendant notes that Plaintiff cites to the CBA extensively in the Amended Complaint.

---

3 The Court perceives the retaliation claim in the Amended Complaint to be asserted under Title VII, not under the Fair Labor Standards Act ("FLSA"), but it will address such a potential claim.

In fact, she has attached copies of her union grievances to the Amended Complaint. Those grievances cite to the CBA, and the present claims arise out of those grievances. As Defendant notes, the allegation that Plaintiff's base pay rate was reduced by one dollar per hour in June 2009 does not allege that the reduction brought her pay below the minimum wage or that overtime was wrongfully denied to her under the FLSA. The allegation is therefore at best an allegation of a CBA violation. That claim is preempted, even assuming Plaintiff meant to bring it. The Court disagrees that the EPA claim is preempted, but Plaintiff has not alleged non-conclusory facts that she was paid less than males for equal work under 29 U.S.C. § 206(d)(1). The Court therefore dismisses the EPA claim, without prejudice. The FMLA claim is dismissed, without leave to amend. Plaintiff has admitted on the face of the Amended Complaint that she worked 800 hours in the year preceding her requested FMLA leave, but the statute only entitled her to such leave if she had worked 1250 hours during the preceding year. *See* 29 U.S.C. § 2611(2)(A)(ii); 29 C.F.R. § 825.110(a)(2). The Court will for this reason dismiss the claim with prejudice, as Defendant argues later in its motion. As Defendant also notes, to the extent Plaintiff means to complain that she was entitled to leave due to having worked at least 625 hours in the past year, that right stems from the CBA alone, and a claim based on its violation is preempted under § 301 of the LMRA.

In summary, a putative FLSA claim is preempted by § 301 of the LMRA, the EPA claim is not so preempted but should be dismissed, with leave to amend, and the FMLA claim will be dismissed without leave to amend.

  B.  **Statutes of Limitations**

Defendant argues that the FLSA, EPA, and FMLA claims are time-barred. All of these claims have two-year statutes of limitations, or three years if the violation was willful. *See* 29 U.S.C. § 255 (FLSA); *id.* at § 206 (EPA); *id.* at § 2617(c)(1)–(2) (FMLA). The Court will only

address the EPA claim at this stage, because the other claims have been resolved under § 301 of the LMRA or on the merits, *see supra*. The Amended Complaint alleges violations occurring no later than February 2011. Plaintiff filed the Complaint on August 29, 2013, between two and three years later. There are no precise allegations of willfulness, but the Court finds the defect could be cured by amendment.

### C. Merits of the EPA Claim

Defendant argues the EPA claim should be dismissed with prejudice because Plaintiff has not pled the elements of EPA retaliation. But the Court does not perceive the EPA claim as one for retaliation. The Court perceives it as a direct discrimination claim, i.e., that she was paid less than male coworkers for materially identical work. As the Court noted, *supra*, it will give Plaintiff leave to amend this claim. She may amend to state a discrimination claim, a retaliation claim, or both.

### D. Timeliness of the Title VII Retaliation Claim

Defendant argues that Plaintiff failed to sue within ninety (90) days of receiving her right-to-sue letter ("RTS"). The letter was presumptively mailed on May 24, 2013, the date it was signed. Allowing the presumptive three days for mailing, Plaintiff is presumed to have received it on May 29, 2013 (the 26th having been a Sunday, and the 27th having been Memorial Day). Ninety days from May 29, 2013 was August 27, 2013, a Tuesday. Plaintiff filed the Complaint on August 29, 2013. The Title VII claims are therefore untimely. Plaintiff argues she received the RTS on May 31, 2013, making August 29, 2013 the ninetieth day. But Plaintiff adduces no evidence in support, not even her own self-interested affidavit. The three-day presumption cannot be overcome without competent evidence.

///

///

### E. The Fourteenth Amendment Claim

The Court dismisses this claim. It is clear that Defendant is not a state actor amenable to suit under 42 U.S.C. § 1983.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 19) is GRANTED, with leave to amend in part. Plaintiff shall have twenty-one (21) days from the entry of this Order into the electronic docket to amend the EPA claim. Plaintiff may amend one final time to state claims of discrimination and/or retaliation under the EPA. Plaintiff has no leave to amend the other claims or to add additional claims.

IT IS SO ORDERED.

Dated this 10th day of February, 2015.

_____
ROBERT C. JONES
United States District Judge